In the Matter of the Application of JOSEPH MERENDINO, Petitioner, for an Order Pursuant to Article 78 of the Civil Practice Act, to Review a Determination of FRANK P. GRAVES, Commissioner of Education of the State of New York, THOMAS J. MANGAN and Others, as Members of the Board of Regents of the University of the State of New York, WILLIAM F. McLAUGHLIN and Others, as Members of the State Board of Podiatry Examiners, Respondents.— Review of a determination of the Board of Regents under article 78 of the Civil Practice Act. The Board directed, upon sufficient proof, and upon the report of the Board of Podiatry Examiners, that the indorsement upon the license of the relator which authorized him to practice podiatry in this State " be suspended for a period of one year from April 21, 1939; and that the Commissioner of Education be empowered and directed to execute for and on behalf of the Board of Regents, all orders necessary to accept the determination of said Board of Podiatry Examiners and to carry out the terms of this vote." The Commissioner recited in the order, purporting to carry out the direction of the Regents, that the respondent's license was to be suspended " for one year and until the further order of the Commissioner of Education." The portion of the order which effected the suspension provided that the registration and right of the relator to practice " be * * * suspended for the period of one year from April 21, 1939, to April 21, 1940; *and until the further order of the Commissioner of Education, with leave to respondent to apply to said Commissioner for reinstatement of his license to practice podiatry and reinstatement of his registration as a podiatrist upon the expiration of said period of one year, upon satisfactory proof to be submitted by respondent to said Commissioner of Education that during said period of one year he has actually abstained from practicing podiatry and from holding himself out in any way as a practitioner of podiatry and from attempting to practice podiatry in any form either as principal or agent or assistant or employee of another."* The Commissioner was without power to increase or change the determination and decision of the Board of Regents. (Education Law, § 1412, subd. 3.) The order made by the Commissioner should be modified by striking out the italicized portions of the direction of suspension, and by deleting from the recitals the fol-

lowing, " and until the further order of the Commissioner of Education." The order as so modified is affirmed, without costs. Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ., concur.